NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| S.W., | : | **Civil Action No. 20-2764 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff S.W. ("Plaintiff") of the

final decision of the Commissioner of Social Security ("Commissioner") determining that she

was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction

pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without

oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be

affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits,

alleging disability beginning May 3, 2015. A hearing was held before ALJ Nicholas Cerulli (the

"ALJ") on September 10, 2018, and the ALJ issued an unfavorable decision on November 8,

2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals

Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's

final decision, and Plaintiff filed this appeal.

In the decision of November 8, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional limitations. At step four, the ALJ also found that Plaintiff is able to perform her past relevant work as a customer service representative. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with three principal arguments: 1) at step two, the ALJ failed to find severe mental health impairments; 2) the ALJ failed to consider the limiting side effects of medications; and 3) the ALJ improperly rejected the opinion of Dr. Khan-Jaffary.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner

erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff's appeal rests on three arguments which contend, generally, that the ALJ failed to do something that the law requires. The problem for Plaintiff, however, in one word, is: Shinseki. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps two and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that the ALJ erred in failing to find any severe mental health conditions at step two. The Commissioner concedes that Dr. Khan-Jaffary made two references to anxiety in the records, but contends that these are insufficient to support a step two finding that Plaintiff's anxiety is a severe impairment. The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight

abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

This Court need not determine whether Dr. Khan-Jaffary's two mentions of anxiety meet or fail to meet the *de minimis* standard at step two because, even if the ALJ erred, Plaintiff has not shown prejudice, as required by Shinseki. At step two, the ALJ found two other severe impairments. Had the total count been three, instead of two, it would not have made any difference to the outcome. This Court finds no prejudice to Plaintiff in any error at step two. Plaintiff has failed to persuade this Court that any error at step two harmed her.

Federal Rule of Civil Procedure 61 states: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." This Court finds that the ALJ's possible error at step two did not affect Plaintiff's substantial rights under the Social Security Act. It can only be harmless error.

Plaintiff next argues that the ALJ failed to adequately consider the side effects of

Plaintiff's medications and failed to adequately state the reasons for discounting Plaintiff's testimony on the subject. The problem here for Plaintiff, again, is: <u>Shinseki</u>. Plaintiff has not mustered the evidence to make a demonstration that Plaintiff's testimony made a case for side effects of disabling intensity. Plaintiff's brief does no more than refer generally to one page in the transcript of hearing testimony and one page in Plaintiff's Adult Function Report. The brief does not identify the specific side effects that Plaintiff reported nor present a basis to find that they have a disabling impact on her ability to work. Plaintiff's brief, in effect, asks this Court to go to the record, look around, and make Plaintiff's case for her. This Court will not do so.

Third, at step four, Plaintiff contends that the ALJ erred in rejecting Dr. Khan-Jaffary's opinion that Plaintiff would be off-task 25% of the workday due to pain and other symptoms. Plaintiff contends that the ALJ erred, but does not articulate what error the ALJ made. Plaintiff cites authority for the proposition that the ALJ may not reject evidence for no reason or the wrong reason. While this is correct under Third Circuit law, the problem is that Plaintiff concedes that the ALJ stated reasons for giving little weight to Dr. Khan-Jaffary's opinion, and Plaintiff does not persuade this Court that the ALJ's reasoning is flawed. The ALJ considered Dr. Khan-Jaffary's opinion and explained that it was "entirely inconsistent" with the evidence of record, listing specific findings. (Tr. 18-19.) In particular, the ALJ noted that it was inconsistent with the evidence of improvement in Plaintiff's pain and functioning over time. (Tr. 19.) On page 18, the ALJ discussed in detail the medical evidence which supports this conclusion. Moreover, as the Commissioner observes, Dr. Khan-Jaffary rendered her opinion prior to Plaintiff's successful back surgery.

In considering Plaintiff's argument, this Court looks to the Third Circuit's decision in

<u>Morales</u>, which held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

<u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).   The ALJ did not err under <u>Morales</u>.   Dr. Khan-Jaffary is a treating physician, and the ALK rejected her opinion on the basis of an array of contradictory medical evidence, which included the opinions of other treating physicians.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 13, 2021